PER CURIAM.
This disciplinary proceeding by The Florida Bar against Fred C. Barksdale, a member of The Florida Bar, is presently before us on complaint of The Florida Bar and report of referee. Pursuant to article XI, Rule 11.06(9)(b) of the Integration Rule of The Florida Bar, the referee’s report and record were duly filed with this Court. No petition for review pursuant to Integration Rule of The Florida Bar 11.09(1) has been filed.
Having considered the pleadings and evidence, the referee found as follows:
COUNT I
1. Respondent is, and at all times hereinafter mentioned was, a member of The Florida Bar, subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida.
2. During the period of January 1, 1979, through June 30, 1980, Respondent maintained a checking account at the Peoples Bank of Tampa (# 010 434 3201) labeled Fred C. Barksdale, Trust Account (hereinafter referred to as Respondent’s Trust Account).
3. On or about July 30 and 31, 1980, The Florida Bar caused an audit to be performed on Respondent’s Trust Account pursuant to The Florida Bar Integration Rule, article XI, Rule 11.-02(4)(b) and (c).
4. Respondent placed funds received from clients into Respondent’s Trust Account and subsequently paid costs related to the same clients from those funds.
5. Respondent’s personal funds were deposited in Respondent’s Trust Account.
6. Respondent caused payments to be made from Respondent’s Trust Account to fulfill personal obligations.
7. By reason of the foregoing, Respondent violated The Florida Bar Code of Professional Responsibility D.R. 9-102(A).
COUNT II
8. Complainant realleges the matters set forth in paragraphs 1-5.
9. From the period of January 1,1979, through June 1, 1980, the bank statements from Respondent’s Trust Account reflected twenty-six negative balances.
10. During the period of January 1, 1979, through June 1, 1980, eleven checks which were written on Respondent’s Trust Account were returned by the bank due to insufficient funds.
11. By reason of the foregoing, Respondent violated The Florida Bar Code of Professional Responsibility D.R. 9-102(A) and The Florida Bar Integration Rule, article XI, Rule 11.02(4).
COUNT III
12. Complainant realleges the matters set forth in paragraphs 1-5.
13. During the period of January 1, 1979, through June 1, 1980, no reconciliations were made of Respondent’s Trust Account balance.
14. During the period of January 1, 1979, through June 1, 1980, no file or ledger containing an accounting for each person from whom or for whom trust money had been received had been kept for Respondent’s Trust Account.
15. By reason of the foregoing, Respondent violated The Florida Bar Integration Rule, article XI, Rule 11.02(4)(b) and (c); Section 11.02(4)(c) 4.a. and 2.d. of The Florida Bar Integration Rule Bylaws; and Florida Bar Code of Professional Responsibility D.R. 9-102(B)(3).
The referee recommends that respondent be found guilty of violating the following: D.R. 9-102(A) and (B)(3); The Florida Bar Integration Rule, article XI, Rule 11.02(4) and Rule 11.02(4)(b) and (c). The referee also recommends that respondent be publicly reprimanded and suspended from the practice of law for a period of six months and said suspension should run concurrently with the suspension for felony conviction imposed in case number 59,856.
*516 Having carefully reviewed the record, we approve the findings and recommendations of the referee.
Accordingly, respondent, Fred C. Barks-dale, is hereby publicly reprimanded and suspended from the practice of law for a period of six months. This suspension shall run concurrently with the suspension for felony conviction imposed on January 19, 1981, in case number 59,586. Under The Florida Bar Integration Rule, article XI, Rule 11.07(4) this suspension remains in effect for three years and thereafter until the respondent’s civil rights are restored and he is reinstated.
Costs in the amount of $1,705.27 are hereby taxed against respondent.
It is so ordered.
ADKINS, A. C. J., and BOYD, OVER-TON, ALDERMAN and McDONALD, JJ., concur.